IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. KORNACKI, as Administrator of the Estate of Kevin P. Kornacki; MABEL TAVARES, an individual, formerly known as MABEL D. KORNACKI; and DOES 1 through 20, inclusive,<br><br>Defendants. | Civil Action No. 05-11499-KPN |

## STIPULATION TO FILE FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION AND CONSTRUCTIVE TRUST

IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys of record, subject to the approval of the Court, that Plaintiff JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN (the "Committee") may file a First Amended Complaint, in the form attached hereto as Exhibit A, in order to add allegations of diversity jurisdiction. The Committee's First Amended Complaint shall be deemed filed as of the date of the Court's order.

SD\1637181.1
352466-900700

Dated: July ____, 2005

                                          MAURICE M. CAHILLANE
                                          EGAN FLANAGAN AND COHEN, PC
                                          Attorneys for Defendant Mabel Tavares

Dated: July 26th, 2005

                                          */s/ Katherine R. Parsons*
                                          KATHERINE R. PARSONS
                                          CREVIER & RYAN, LLP
                                          Attorneys for Defendant David M. Kornacki, as
                                          Administrator of the Estate of Kevin P. Kornacki

Dated: July ____, 2005

                                          BRUCE E. FALBY
                                          BROOKS A. AMES
                                          DLA PIPER RUDNICK GRAY CARY US LLP
                                          Attorneys for Plaintiff JDS Uniphase Corporation
                                          Benefits Committee of the JDS Uniphase
                                          Corporation Employee 401(k) Retirement Plan

## ORDER

Upon stipulation of counsel and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.    Plaintiff JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN is granted leave to file a First Amended Complaint, in the form attached hereto as Exhibit A, in order to add allegations of diversity jurisdiction. JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN's First Amended Complaint shall be deemed filed as of the date of this Order.

Dated: _____

                                          UNITED STATES DISTRICT JUDGE

SD\1637181.1
352466-900700

Dated: ~~July~~ Aug. 1, 2005

*Maurice M. Cahillane* /pak
MAURICE M. CAHILLANE
EGAN FLANAGAN AND COHEN, PC
Attorneys for Defendant Mabel Tavares

Dated: July ___, 2005

_____
KATHERINE R. PARSONS
CREVIER & RYAN, LLP
Attorneys for Defendant David M. Kornacki, as
Administrator of the Estate of Kevin P. Kornacki

Dated: ~~July~~ Aug 2 ___, 2005

*B~A.A.*
BRUCE E. FALBY
BROOKS A. AMES
DLA PIPER RUDNICK GRAY CARY US LLP
Attorneys for Plaintiff JDS Uniphase Corporation
Benefits Committee of the JDS Uniphase
Corporation Employee 401(k) Retirement Plan

## ORDER

Upon stipulation of counsel and good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.   Plaintiff JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN is granted leave to file a First Amended Complaint, in the form attached hereto as Exhibit A, in order to add allegations of diversity jurisdiction. JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN's First Amended Complaint shall be deemed filed as of the date of this Order.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVID M. KORNACKI, as Administrator of the Estate of Kevin P. Kornacki; MABEL TAVARES, an individual, formerly known as MABEL D. KORNACKI; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Civil Action No. 05-11499-KPN |

**FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF, INJUNCTION AND CONSTRUCTIVE TRUST**

Plaintiff JDS Uniphase Corporation Benefits Committee ("Committee") of the JDS Uniphase Corporation Employee 401(k) Retirement Plan ("the Plan") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to Title 28, United States Code Section 1331 because the Complaint concerns a question arising under the laws and statutes of the United States of America, namely the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001 et seq. ("ERISA"). In addition, Section 502(a)(3) of ERISA, 29 U.S.C. Section 1132, affords this Court jurisdiction because this action is brought by a fiduciary of an employee benefit plan to obtain equitable relief to enforce the provisions of Title I of ERISA and the terms of the Plan.

2.      This Court also has jurisdiction over this matter pursuant to Title 28, United States Code Section 1332 because this civil action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. This court has jurisdiction over this matter pursuant to Rule 22 of the Federal Rules of Civil Procedure because the amount in controversy exceeds the sum of $75,000, and complete diversity of citizenship exists between Plaintiff and the Defendants.

3.      This action was originally filed in the Northern District of California, pursuant to Title 29 United States Code Section 1132(e)(2), because the Plan is administered in that District. On June 20, 2005, the Honorable James Ware ordered that this matter be transferred to the District of Massachusetts. Under Section 1132(e)(2), venue is proper in this District because one or more of the defendants reside in this District. Additionally, venue is proper in this District under Title 28, United States Code Section 1397.

### PARTIES

4.      The Committee is a "fiduciary" with respect to the Plan as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Committee has discretion and authority to control and manage the operation and administration of the Plan. The Plan was established and is maintained by JDS Uniphase Corporation ("JDS") as an "employee benefit plan," as defined by Section 3(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). Attached hereto as Exhibit 1 is a true and correct copy of the Plan Document relevant to this action. The Plan is administered in the San Jose Division of the Northern District of California.

5.      JDS, and therefore the Committee, is a citizen of Delaware and California, JDS being a Delaware corporation, with its principal place of business in California.

- 3 -

6. The Committee is informed and believes and thereon alleges that Defendant David M. Kornacki is an individual and the Administrator of the Estate of Kevin P. Kornacki. (Defendant David M. Kornacki shall be referred to hereinafter as "the Administrator.") Kevin P. Kornacki ("Kornacki") was a former employee of JDS and a participant in the Plan. The Committee is further informed and believes and thereon alleges that the Administrator is an individual and a citizen of the State of Massachusetts, residing in the County of Worcester, State of Massachusetts.

7. The Committee is informed and believes and thereon alleges that Defendant Mabel D. Tavares ("Tavares"), formerly known as Mabel D. Kornacki, is an individual and the former spouse of Kornacki. The Committee is further informed and believes and thereon alleges that Tavares is an individual and a citizen of the State of Massachusetts, residing in the County of Hampden, State of Massachusetts.

8. The Committee is unaware of the true names and capacities of defendants named DOES 1 through 20, inclusive, and therefore sues those Defendants by such fictitious names. The Committee will seek leave of court to amend this complaint to show the true names and capacities of defendants DOES 1 through 20, inclusive, when the same have been ascertained. The Committee is informed and believes and thereon alleges that each such fictitiously named defendant claims or may claim entitlement to some or all of the proceeds of Kornacki's account in the Plan.

9. Except as otherwise specified, the individually named defendants and DOES 1 through 20, inclusive, and each of them, may collectively be referred to herein as "defendants." Further, except as otherwise specified, all references to the "defendants" in this complaint are to all defendants and to each of them.

## RELEVANT FACTS

10. In or about 1995, Kornacki became employed by JDS and enrolled as a "participant" in the Plan as defined by Section 3(7) of ERISA, 29 U.S.C. § 1002(7).

11. Under the terms of the Plan, Kornacki had a nonforfeitable accrued benefit as defined by Sections 3(19) and 3(23) of ERISA, 29 U.S.C. §§ 1002(19) and 1002(23). The Plan is an "individual account plan" as defined by Section 3(34) of ERISA, 29 U.S.C. § 1002(34), and contains a cash or deferred arrangement described in Section 401(k) of the Internal Revenue Code of 1986, 26 U.S.C. § 401(k). The Plan is commonly referred to as a 401(k) plan and Kornacki's individual account is commonly referred to as his 401(k) account. (Kornacki's 401(k) account under the Plan shall be referred to hereinafter as the "401(k) Account.")

12. The Plan allows participants to designate one or more beneficiaries to receive distribution a participant's individual account in the event of his or her death. Article 10.2(c) of the Plan provides:

> **Beneficiary Designation.** Each Participant may designate one or more primary Beneficiaries and one or more secondary Beneficiaries by filing written notice with the Plan Administrator on a form acceptable to the Plan Administrator. . . . Subject to the two preceding sentences [regarding consent of spouse], a Participant may change any designated Beneficiary by filing written notice of the change with the Plan Administrator in the form prescribed by the Plan Administrator. If any Participant fails to designate a Beneficiary, or if his designated Beneficiary or Beneficiaries do not survive the Participant, the Plan Administrator shall designate a Beneficiary or Beneficiaries on his behalf, in the following order:
>
> (i)   The Participant's spouse, if living at the time of the Participant's death.
>
> (ii)  The Participant's issue, per stirpes.
>
> (iii) The Participant's parents equally.
>
> (iv)  The estate of the Participant.

Plan Document, Ex. 1, Art. 10.2(c), p. 69. Article 10.2 of the Plan provides for distribution of the participant's individual account in the event of the death of the participant:

> **Death Benefits**. Upon the death of a Participant before Retirement or before other termination of employment with the Employer, all amounts then credited to his Account shall become 100% vested, regardless of the number of his Years of Vesting Service. The Plan Administrator shall direct the Trustee to distribute the value of the Participant's Account, in one of the methods provided in Section 10.7, and at the time provided in Section 10.6, to any surviving Beneficiary designated by the Participant in accordance with the provisions of subsection (c) below.

Plan Document, Ex. 1, Art. 10.2, p. 68.

13. In accordance with the terms of the Plan, on or about May 16, 1995, Kornacki provided the Plan a completed 401(k) Beneficiary Designation Form, which named his then wife, "Mabel D. Kornacki," as the primary beneficiary of the 401(k) Account. Attached hereto as Exhibit 2 is a true and correct copy of the May 16, 1995 401(k) Beneficiary Designation Form.

14. The Committee is informed and believes and thereon alleges that on or about December 6, 2001, the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts entered a Judgment of Divorce Nisi in Case No. 00D0623-DV, dissolving the marriage between Kornacki and Tavares. Attached hereto as Exhibit 3 is a true and correct copy of the December 6, 2001 Judgment of Divorce Nisi. The Committee is informed and believes and thereon alleges that Kornacki did not remarry after the dissolution of his marriage to Tavares.

15. The Committee is informed and believes and thereon alleges that on or about September 5, 2002, the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts entered a Qualified Domestic Relations Order ("QDRO") in Case No. 00D0623-DV. Attached hereto as Exhibit 4 is a true and correct copy of the

September 5, 2002 Qualified Domestic Relations Order. The Committee is further informed and believes and thereon alleges that Kornacki and Tavares executed the QDRO before it was entered as an order of the court in Case No. 00D0623-DV.

16.     The QDRO identifies Tavares as an "Alternate Payee" under the Plan. The QDRO awards Tavares as Alternate Payee the sum of $8,534.00 from the 401(k) Account:

> In the event of the death of the Participant [Kornacki] after qualification, but prior to the receipt of a distribution to the Alternate Payee [Tavares], the Alternate Payee [Tavares] shall be entitled to a distribution only to the extent provided under the Order.

QDRO, Ex. 4, § 6, p. 3. With respect to any other distribution of funds from the 401(k) Account, the QDRO provides Kornacki sole discretion to elect distribution under the plan, subject only to Plan requirements:

> All benefits payable under the JDS Uniphase Corporation Employee 401K Retirement Plan, other than those payable to the Alternate Payee [Tavares], shall be payable to the Participant [Kornacki] in such manner and form as the Participant [Kornacki] may elect in his sole and undivided discretion, subject only to the Plan requirements.

QDRO, Ex. 4, § 8(k), p. 5.

17.     The QDRO expressly provides that the terms of the Plan shall prevail in the event of a conflict between the QDRO and the Plan:

> In the case of conflict between the terms of this QDRO and the terms of the Plan, the terms of the Plan shall prevail. The QDRO shall not be interpreted to provide anything otherwise impermissible under the terms of the Plan.

QDRO, Ex. 4, § 8(g), p. 4.

18.     In the QDRO, Tavares agreed and the court so ordered that she shall hold in constructive trust any payments made to her from the 401(k) Account:

- 6 -

> To the extent that the Plan pays to the Alternate Payee [Tavares] any benefits that are payable to the Participant [Kornacki] under this QDRO, the Alternate Payee [Tavares] shall be deemed to be a trustee holding the amount of such benefits in a constructive trust for the benefit of the Participant [Kornacki]. The Alternate Payee [Tavares] is ordered to pay such amount to the Participant [Kornacki] within thirty (30) days after the Plan notifies the Alternate Payee that the Alternate Payee [Tavares] has received amounts that are Payable to the Participant [Kornacki].

QDRO, Ex. 4, § 8(i), pp. 4-5.

19. Finally, Tavares and Kornacki agreed to hold the Plan harmless from any liabilities that arise from the implementation of the QDRO:

> The Alternate Payee [Tavares] and the Participant [Kornacki] shall hold the Plan (and its sponsor, agent and fiduciaries) harmless from any liabilities that arise from implementation of this QDRO, including all attorney fees that may be incurred in connection with any claims that are asserted because the Plan honors this QDRO.

QDRO, Ex. 4, § 8(h), p. 4.

20. In accordance with the terms of the QDRO, on or about September 13, 2002, Kornacki, through his counsel, provided the Plan a copy of the QDRO. On or about September 26, 2002, the Plan determined the QDRO constituted a "qualified domestic relations order" for purposes of the Internal Revenue Code of 1986 and ERISA. Thereafter, the Plan distributed the specified amount to Tavares as Alternate Payee in accordance with the terms of the QDRO.

21. At no time after the date of dissolution of his marriage to Tavares did Kornacki revoke or modify the 401(k) Beneficiary Designation Form he had provided the Plan on or about May 16, 1995. At no time after the date of dissolution of his marriage to Tavares did Kornacki provide the Plan a new 401(k) Beneficiary Designation Form.

22. The Committee is informed and believes and thereon alleges that on or about April 11, 2003, Kornacki died. The Committee is further informed and believes and thereon

alleges that on or about May 22, 2003, the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts entered an Appointment of Administrator in Case No. 03P-0953, thereby appointing Defendant David M. Kornacki as Administrator of the Estate of Kevin P. Kornacki. Attached hereto as Exhibit 5 is a true and correct copy of the May 22, 2003 Administration With/Without Sureties form filed in Case No. 03P-0953.

23. On or about August 21, 2003, in accordance with Article 10 of the Plan and Kornacki's 401(k) Beneficiary Designation Form, the Plan distributed the 401(k) Account to Tavares, who was Kornacki's designated beneficiary at the time of his death. On or about August 21, 2003, the Plan issued a check to Tavares in the amount of $81,674.94, which represented all of the assets in the 401(k) Account.

## FIRST CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT
(Against All Defendants)

24. The Committee incorporates by reference paragraphs 1 through 23 of the Complaint.

25. The Committee is informed and believes and thereon alleges that an actual controversy has arisen and now exists between and among the parties concerning their respective rights and duties. Among other things, the Committee contends the Plan distributed the 401(k) Account to Tavares in accordance with the provisions of ERISA and the terms of the Plan. The Committee is informed and believes and thereon alleges that Tavares similarly contends the Plan distributed the 401(k) Account to Tavares in accordance with the provisions of ERISA and the terms of the Plan. The Committee is informed and believes and thereon alleges that all defendants other than Tavares dispute whether the Plan distributed the 401(k) Account in accordance with the provisions of ERISA and the terms of the Plan. The Committee is informed

and believes and thereon alleges that each of the defendants claims to be the only person entitled to receive distribution of the 401(k) Account.

26. The Committee desires a judicial determination of the respective rights and duties of the parties.

27. A judicial determination is necessary and appropriate at this time, so each party may ascertain its rights and obligations with respect to distribution of the 401(k) Account. Moreover, declaratory relief will avoid the risk of multiple claims and uncertainties concerning the rights and obligations of the parties with respect to the 401(k) Account. Considerations of practicality and wise judicial administration favor declaratory relief as the means to settle the controversy. No better or more effective alternative remedy exists.

## SECOND CAUSE OF ACTION
## FOR INJUNCTION AND CONSTRUCTIVE TRUST
### (Against Defendants Tavares and Does 1 through 10)

28. The Committee incorporates by reference paragraphs 1 through 27 of the Complaint.

29. Should the court declare Tavares was not the proper beneficiary of the 401(k) Account, the Committee alleges, in the alternative, that Tavares received distribution of the 401(k) Account in constructive trust for the proper beneficiary. As a fiduciary under ERISA, the Committee has a legally recognized right to seek return of any funds improperly paid.

30. The Committee is informed and believes and thereon alleges that the 401(k) Account proceeds are in Tavares's possession and/or can be traced. The Plan and the proper beneficiary or intended recipient of the 401(k) Account assets are threatened with immediate and irreparable harm should Tavares fail and refuse to return the 401(k) Account assets to the Plan if she is not the proper beneficiary of the 401(k) Account.

31.     Absent intervention from this court, the Committee and the proper recipient of the 401(k) Account assets will be unable to secure proper distribution of the 401(k) Account. The Committee's inability to secure proper distribution of the 401(k) Account assets in compliance with the terms of ERISA will cause irreparable harm to the Plan and to the appropriate recipient of the 401(k) Account proceeds. Damages for such injuries would be difficult or impossible to measure, and the Committee has no adequate remedy at law to redress such injuries.

32.     As a direct and proximate result of the acts and omissions of defendants, and each of them, which necessitate appropriate declaratory and injunctive relief, the Committee has incurred, and will continue to incur, necessary and reasonable attorneys' fees and other legal costs. ERISA Section 502(g), 29 U.S.C. Section 1132(g), provides for an award of attorneys' fees, in the court's discretion, in connection with actions for declaratory and injunctive relief in connection with the provisions of ERISA. Moreover, the QDRO provides for an award of attorneys' fees in any action arising from implementation of the QDRO. The Committee does not know the full amount of its attorneys' fees and costs at this time and will move to amend this complaint to state the amount when it becomes known to it, or will prove such amounts at trial.

WHEREFORE, Plaintiff JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN prays for judgment in its favor against defendants, and each of them, as follows:

1.     For a declaration of the rights and obligations of the parties with respect to distribution of the 401(k) Account proceeds, including, among other things that the Plan is not required to pay to any defendant other than Tavares any amount in addition to that which it already paid to Tavares;

2. Pending a declaration of the rights and obligations of the parties, that the Court issue a temporary restraining order and preliminary injunction:

    a. Enjoining Tavares from dissipating the proceeds from the 401(k) Account;

    b. Enjoining each of the defendants from instituting any action against the Plan for the recovery of proceeds from the 401(k) Account; and

    c. Requiring the defendants, and each of them, to interplead and settle between themselves their rights to the distribution from the 401(k) Account;

3. Through the creation of a constructive trust, Tavares restore to the Plan any funds from the 401(k) Account, which the court declares should have been distributed to another defendant, together with any gains Tavares received from the property's increase in value;

4. The Plan and the Committee be discharged from all liability;

5. For all appropriate prejudgment and post-judgment interest;

6. For reasonable attorneys' fees incurred in connection with this action;

7. For costs of suit incurred herein; and

8. For such other and further relief as the court deems just and proper.

Dated: August ____, 2005

By:    /s/ Brooks A. Ames
    Bruce E. Falby (BBO# 544143)
    Brooks A. Ames (BBO# 641192)
    DLA PIPER RUDNICK GRAY CARY US LLP
    One International Place, 21st Floor
    Boston, MA  02110
    Telephone:  617.406.6000
    Facsimile:  617.406.6100

Attorneys for Plaintiff
JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN