UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | | |
|---|---|---|
| JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN<br>　　　Plaintiff/Counterclaim Defendant<br>v.<br><br>DOES 1 through 20, inclusive<br>　　　Defendants<br>v.<br><br>DAVID M. KORNACKI, as Administrator of the Estate of Kevin P. Kornacki;<br>　　　Defendant/Cross Claim Plaintiff/<br>　　　Counterclaim Plaintiff/Third Party Plaintiff<br>v.<br><br>MABEL TAVARES, an individual formerly known as MABEL D. KORNACKI;<br>　　　Defendant/Cross Claim Defendant<br>v.<br><br>JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN<br>　　　Third Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-11499-MAP |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, COUNTERCLAIMS AND CROSS CLAIMS OF DAVID M. KORNACKI AND IMPLEADER OF THE JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN**

David M. Kornacki, as Administrator of the Estate of Kevin P. Kornacki ("Administrator Kornacki") hereby answers the First Amended Complaint of JDS Uniphase Corporation Benefits Committee of the JDS Uniphase Corporation Employee 401(k) Retirement Plan (the "Committee"); (2) states the following counterclaims against the Committee; (3) states the

following cross claims against Mabel Tavares; and (4) impleads the JDS Uniphase Corporation

Employee 401(k) Retirement Plan (the "Plan"). [1]

## ANSWER OF ADMINISTRATOR KORNACKI

### JURISDICTION AND VENUE

1.     Paragraph 1 contains legal conclusions to which a response is not required.

2.     Paragraph 2 contains legal conclusions to which a response is not required.

3.     Administrator Kornacki admits that this action was originally filed in the Northern District

of California and admits that the Plan is administered there. Administrator Kornacki admits

that the Honorable Judge Ware ordered that this matter be transferred to Massachusetts on

June 20, 2005. The remaining allegations contained in Paragraph 3 are legal conclusions to

which a response is not required.

### PARTIES

4.     Administrator Kornacki admits that the Committee is a fiduciary with respect to the Plan.

Administrator Kornacki admits that the Plan is administered in San Jose, California.

Administrator Kornacki denies that the Plan attached to the Complaint at Exhibit 1 is a true

and correct copy of the Plan Document relevant to this action because Kevin Kornacki

("Decedent") died on April 11, 2003 and the Plan attached at Exhibit 1 was not adopted

until May 22, 2003. See Exhibit 1 attached to Plaintiff's Complaint at P. 27. Administrator

Kornacki lacks sufficient knowledge to admit or deny the remaining allegations because the

Plan attached to the Complaint at Exhibit 1 is not the Plan Document relevant to this action.

---

[1] The Cross Claims, Counterclaims and Claims asserted herein are identical to those asserted in
David Kornacki's original Answer. Similarly, the Exhibits referenced herein are identical to the
Exhibits referenced in David Kornacki's original Answer and are not reproduced herewith.

5.  Administrator Kornacki lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5.

6.  Administrator Kornacki admits the allegations contained in Paragraph 4.

7.  Administrator Kornacki admits the allegations contained in Paragraph 5.

8.  Administrator Kornacki lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6.

9.  Paragraph 7 contains a definition to which a response is not required.

<u>RELEVANT FACTS</u>

10. Administrator Kornacki admits the allegations contained in Paragraph 8.

11. Administrator Kornacki lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9.

12. Administrator Kornacki denies the allegations contained in Paragraph 10 because the Plan from which it cites is not the Plan relevant to this to this action, please see Paragraph 3 above.

13. Administrator Kornacki admits that Decedent provided a completed 401(k) Beneficiary Designation on or about May 16, 1995.  Administrator Kornacki lacks sufficient knowledge regarding whether or not it was in accordance with the terms of the Plan because the Plan attached to the Complaint at Exhibit 1 is not the relevant Plan.  <u>See Paragraph 3 above.</u>

14. Administrator Kornacki admits the allegations contained in Paragraph 12.

15. Administrator Kornacki admits the allegations contained in Paragraph 13.

16. Administrator Kornacki denies the allegations contained in Paragraph 14 because the Committee fails to state the entirety of a document that is the best evidence of its contents.

17. Administrator Kornacki denies the allegations contained in Paragraph 15 because the Committee fails to state the entirety of a document that is the best evidence of its contents.

18. Administrator Kornacki denies the allegations contained in Paragraph 16 because the Committee fails to state the entirety of a document that is the best evidence of its contents.

19. Administrator Kornacki denies the allegations contained in Paragraph 17 because the Committee fails to state the entirety of a document that is the best evidence of its contents.

20. Administrator Kornacki admits the allegations contained in Paragraph 18.

21. Administrator Kornacki lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19.

22. Administrator Kornacki admits the allegations contained in Paragraph 20.

23. Administrator Kornacki admits that JDS distributed all of the 401(k) assets to Tavares. Administrator Kornacki lacks sufficient knowledge to admit or deny whether or not it was in accordance with the terms of the Plan because the Plan attached to the Complaint at Exhibit 1 is not the relevant Plan. See Paragraph 3 above.

FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT
(AGAINST ALL DEFENDANTS)

24. Administrator Kornacki realleges each of the paragraphs above as if fully set forth herein.

25. Administrator Kornacki admits that he claims that the estate of Decedent or the beneficiary provided for under the Plan in the absence of a designated beneficiary is entitled to receive distribution of the 401(k) account. Administrator Kornacki lacks sufficient knowledge to admit or deny that Tavares contends the Plan distributed the 401(k) provisions in accordance with the Plan. Administrator Kornacki denies the remaining allegations in Paragraph 23.

26. Paragraph 24 contains a legal conclusion to which a response is not required.

27.  Paragraph 25 contains legal conclusions to which a response is not required.

SECOND CAUSE OF ACTION FOR INJUNCTION AND CONSTRUCTIVE TRUST
(AGAINST DEFENDANT TAVARES)

28.  Administrator Kornacki realleges each of the paragraphs above as if fully set forth herein.

29.  Paragraph 27 contains legal conclusions to which a response is not required.

30.  Administrator Kornacki lacks sufficient knowledge to admit or deny the allegations

contained in Paragraph 28.

31.  Paragraph 29 contains legal conclusions to which a response is not required.  To the extent

Paragraph 29 contains any facts, Administrator Kornacki lacks sufficient knowledge to

admit or deny them.

32.  Paragraph 30 contains legal conclusion to which a response is not required.  To the extent

Paragraph 30 contains any facts, Administrator Kornacki lacks sufficient knowledge to

admit or deny them.


**COUNTERCLAIMS AGAINST THE COMMITTEE, CROSSCLAIMS AGAINST
DEFENDANT TAVARES, AND CLAIMS AGAINST THE IMPLEADED PLAN**

David M. Kornacki, as Administrator of the Estate of Kevin P. Kornacki impleads the

JDS Uniphase Corporation Employee 401(k) Retirement Plan and asserts the following

counterclaims and claims against the JDS Uniphase Corporation Benefits Committee of the JDS

Uniphase Corporation Employee 401(k) Retirement Plan and the JDS Uniphase Corporation

Employee 401(k) Retirement Plan (hereinafter collectively referred to as "JDS"), and the

following cross claims against Mabel Tavares.

## PARTIES

1.    David M. Kornacki files these counterclaims, cross claims and claims for violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, et. seq., breach of contract, and appropriate equitable remedies.

2.    David M. Kornacki ("Administrator Kornacki") is an individual of legal age, a resident of Massachusetts and the administrator of the Estate of his brother, Kevin Kornacki (the "Estate"). Prior to his death, Kevin Kornacki ("Decedent") was a vested participant in the JDS Uniphase Corporation Employee 401(k) Retirement Plan within the meaning of ERISA. Administrator Kornacki has standing to bring these claims, cross claims and counterclaims on behalf of Decedent and his Estate.

3.    The JDS Uniphase Corporation Employee 401(k) Retirement Plan (the "Plan") is a 401(k) Defined Contribution Plan, which was established and maintained by the JDS Uniphase Corporation, the Plan's Sponsor, for its employees, including the Decedent.

4.    The JDS Uniphase Corporation Benefits Committee of the JDS Uniphase Corporation Employee 401(k) Retirement Plan (the "Committee") is the Plan Administrator for the Plan and has a principle place of business in San Jose, California. The Committee is the ERISA claim fiduciary responsible for making all final determinations concerning a Plan participant's eligibility for and a beneficiary's entitlement to benefits under the Plan.

5.    The Committee and the Plan are hereinafter collectively referred to as "JDS."

6.    Mabel Tavares ("Tavares") is an individual of legal age with a residence located at 129 Brewster Street, Springfield, Massachusetts. Tavares is the ex-wife of Decedent.

JURISDICTION

7.  This Court has jurisdiction over these claims pursuant to ERISA § 502(e)(2) and (f).

8.  The Court also has jurisdiction over these claims, pursuant to 28 U.S.C. § 1331, providing

    for Federal Question Jurisdiction, because this action involves claims pursuant to ERISA.


FACTUAL ALLEGATIONS

9.  On May 16, 1995, Decedent executed a form entitled "401(k) Beneficiary Designation

    Form" ("Beneficiary Designation") naming his then wife, Tavares, as the sole beneficiary

    of his interest in the Plan.  See Beneficiary Designation attached to the Complaint at Exhibit

    2.

10. The marriage between Decedent and Tavares failed and on October 12, 2001, Decedent and

    Tavares executed a Marital Agreement ("Marital Agreement"), which provided for, inter

    alia, the distribution of all marital property.  See Marital Agreement, attached hereto at

    Exhibit A. [2]

11. By the clear and unambiguous terms of the Marital Agreement, Tavares expressly released

    Decedent from all claims against his property and his estate, including all claims to

    Decedent's 401(k) Benefits.  See Exhibit A.

12. The Marital Agreement also mandated that Decedent transfer the sum of $8,534.00 to

    Tavares from his interest in the Plan by a Qualified Domestic Relations Order ("QDRO").

    See Exhibit A.

---

[2] All Exhibits attached hereto have been redacted to eliminate all personal identifiers in
accordance with Local Rule 5.3 of this Court.

13. The Marital Agreement further stated that upon Decedent's payment of the $8,534.00, Decedent "shall retain his 401K plan as **his separate property.**" See Exhibit A (emphasis added).

14. On December 6, 2001, the Hampden County Probate and Family Court entered a Judgment of Divorce Nisi based on its findings that the Marital Agreement was "fair, equitable and reasonable, voluntarily entered into, and not the product of fraud, coercion or duress." See Judgment of Divorce Nisi, attached to Complaint at Exhibit 3.

15. By letter dated December 14, 2001, Decedent's attorney informed JDS that Decedent and Tavares were divorced and requested the Plan's QDRO requirements in order to comply with the Marital Agreement. See Exhibit B, attached hereto.

16. On September 2, 2002, Decedent and Tavares executed a QDRO limiting the amount payable to Tavares to $8,354.00. See QDRO, attached to Complaint at Exhibit 4.

17. By letter dated September 13, 2002, Decedent's former Counsel sent JDS the QDRO. See Exhibit C, attached hereto.

18. In October of 2002, JDS paid Tavares the sum of $8,354.00 as Alternate Payee pursuant to the terms of the QDRO.

19. After Decedent's divorce from Tavares, JDS sent Decedent Retirement Account Summaries regarding his 401(k) assets that stated: "Beneficiary Information: You have not designated a beneficiary for your retirement account."

20. On April 11, 2003, Decedent died unexpectedly and in testate.

21. On May 22, 2003, the Probate and Family Court of Massachusetts, Hampden Division, appointed Administrator Kornacki as Administrator of Decedent's Estate.

22. After being appointed administrator, Administrator Kornacki wrote to JDS on July 22, 2003, and July 30, 2003, seeking payment of Decedent's retirement benefits under the Plan ("401(k) Benefits). See Exhibit D, attached hereto.

23. By letter dated August 4, 2003, JDS's Associate General Counsel, Attorney Andrew Pollack, denied the Estate's claim to Decedent's retirement benefits under the Plan. See Exhibit E, attached hereto.

24. By a letter dated August 21, 2003, JDS's outside counsel, Attorney Timothy G. Verral, also denied the Estate's claim. See Exhibit F, attached hereto.

25. Upon information and belief, in August 2003, the Committee paid Tavares all of the 401(k) Benefits.

26. By letter dated August 10, 2004 to JDS, in an attempt to avoid litigation, Administrator Kornacki, through counsel, set forth the basis of the Estate's claim.

27. JDS indicated several times that it would respond to Administrator Kornacki's concerns.

28. By email dated November 23, 2004, Administrator Kornacki's counsel sent counsel for JDS a draft of the Complaint Administrator Kornacki intended to file.

29. Without ever responding to Administrator Kornacki's concerns the Committee filed this Complaint in California, over 3,000 miles away from both Defendants and the place Decedent worked, lived and died.

## COUNT I:  CLAIM FOR BENEFITS
## AGAINST THE COMMITTEE AND THE PLAN (collectively "JDS")

30. Administrator Kornacki realleges each of the paragraphs stated above as if fully set forth herein.

31. There was no beneficiary designation under the Plan.

32.  As such, the benefits must be paid to the Estate, or as otherwise provided for under the Plan in absence of a beneficiary designation.

33.  To date JDS has not paid any 401(k) Benefits to the Estate.

34.  Pursuant to ERISA § 502(a)(1)(B), Administrator Kornacki, on behalf of Decedent and Decedent's Estate, seeks payment of the 401(k) Benefits due under the terms of the Plan to the Estate or the beneficiary otherwise provided for under the Plan in the absence of a designated beneficiary.

### COUNT II: CLAIM FOR BREACH OF FIDUCIARY DUTIES AGAINST THE COMMITTEE AND THE PLAN (collectively "JDS")

35.  Administrator Kornacki realleges each of the paragraphs stated above as if fully set forth herein.

36.  By letter dated December 14, 2001, Decedent's attorney notified JDS of Decedent's divorce from Tavares. See Exhibit B, attached hereto.

37.  After Decedent's divorce from Tavares, JDS sent Decedent Retirement Account Summaries regarding his 401(k) assets that stated: "Beneficiary Information: You have not designated a beneficiary for your retirement account."

38.  Decedent relied, to his detriment, on JDS' misrepresentations with respect to the beneficiary designation on his 401(k) Plan.

39.  Despite its representations, JDS now asserts that there was a beneficiary designation.

40.  As a result of JDS' failure to inform Decedent of the correct beneficiary designation while he was alive and its representation that there was no beneficiary, JDS is now equitably estopped from claiming otherwise.

<u>COUNT III:  CLAIM FOR FAILURE TO PROVIDE FULL</u>
<u>AND FAIR REVIEW AS REQUIRED BY ERISA</u>
<u>AGAINST THE COMMITTEE AND THE PLAN (collectively "JDS")</u>

41. Administrator Kornacki realleges each of the paragraphs stated above as if fully set forth

herein.

42. ERISA § 503 mandates the minimum claims procedure which must be met by all employee

benefits plans, and those administering those plans as follows:

    a. In accordance with the Regulations of the Secretary, every employee
       benefit plan shall:
         i. provide adequate notice in writing to a participant or beneficiary
           whose claim for benefits under the plan has been denied, setting
           forth the specific reasons for such denial in a manner reasonably
           calculated to be understood by the participant; and
         ii. afford a reasonable opportunity for a full and fair review by the
           appropriate named fiduciary of the decision denying the claim.

43. The Department of Labor's Regulations promulgated under ERISA § 503 at 29 C.F.R. §

2560.503-1(g)(1) mandate that all plan administrators provide claimants written notification

of any adverse benefit determination, which must include:

    a. (iii) a description of any additional material or information necessary for
       the claimant to perfect the claim and an explanation of why such material
       or information is necessary; and
    b. (iv) a description of the plan's review procedures and the time limits
       applicable to such procedures, including a statement of the claimant's right
       to bring a civil action under Section 502(a) of the Act following the
       adverse benefit determination on review.

44. ERISA § 503(2) and 29 C.F.R. § 2560.503-1(h) mandate that every employee benefit plan

provide a claimant with the opportunity for a full and fair review of an adverse benefit

determination.

45. The Plan also provides for review and appeal procedures.

46. JDS failed to comply with the requirements of ERISA, the Regulations and the Plan and the

Estate was denied the opportunity for full and fair review of its claim.

<u>COUNT IV: CLAIM FOR BREACH OF CONTRACT AGAINST MABEL TAVARES</u>

47. Administrator Kornacki realleges each of the paragraphs stated above as if fully set forth herein.

48. Decedent and Tavares entered into a binding Marital Agreement and QDRO (collectively referred to as "the Contract").

49. In the Contract, Tavares explicitly waived her right to Decedent's 401(k) Benefits.

50. Tavares' acceptance of the 401(k) Benefits from JDS constitutes a breach of the Contract.


<u>COUNT V: CLAIM FOR RESTITUTION AND THE IMPOSITION OF A CONSTRUCTIVE TRUST AND AN EQUITABLE LIEN AGAINST MABEL TAVARES</u>

51. Administrator Kornacki realleges each of the paragraphs stated above as if fully set forth herein.

52. In August of 2003 JDS transferred all of the 401(k) Benefits to Tavares.

53. Prior to receiving the 401(k) Benefits, Tavares had waived any interest she previously had to the 401(k) Benefits Estate by: 1) executing the Marital Agreement; and 2) by executing the QDRO.

54. Tavares is not entitled to the 401(k) Benefits and Administrator Kornacki seeks the imposition of a constructive trust and/or an equitable lien on all funds received from JDS.


<u>COUNT VI: CLAIM FOR ATTORNEYS' FEES PURUSANT TO ERISA § 502(g) AGAINST THE COMMITTEE AND THE PLAN (collectively "JDS")</u>

55. Administrator Kornacki realleges each of the paragraphs stated above as if fully set forth herein.

56. Under the standards applicable to ERISA, Administrator Kornacki is entitled to recover "a reasonable attorney's fee and costs of the action" pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g).

57.  JDS has the ability to satisfy the award.

58.  The entitlement of the Estate or the beneficiary otherwise provided for under the Plan in the absence of a designated beneficiary to the 401(k) Benefits is clear.

59.  JDS acted in bad faith in its handling and denial of the Estate's claim. JDS also acted in bad faith when it filed this action 3,000 miles away from the residence of Defendants after receiving notice that Administrator Kornacki intended to pursue legal remedies for the proper payment of the 401(k) Benefits.

60.  The award of attorneys' fees against JDS will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

Wherefore, Administrator Kornacki respectfully prays that the Court:

1.  Declare, adjudge and decree that the Estate or the beneficiary otherwise provided for under the Plan in the absence of a designated beneficiary is entitled to the full value of the 401(k) Benefits;

2.  Award the Estate or the beneficiary otherwise provided for under the Plan in the absence of a designated beneficiary the full value of the 401(k) Benefits, together with such pre-judgment interest as may be allowed by law;

3.  Order that JDS and Tavares make restitution to the Estate for any losses sustained by the Estate due to the wrongful conduct alleged herein, together with prejudgment interest;

4.  Award Administrator Kornacki the costs of this action and reasonable attorneys' fees; and

5.      Award such other relief as the court deems just and reasonable.

Respectfully Submitted,

DAVID M. KORNACKI, as the Administrator for
the Estate of Kevin Kornacki

By his Attorneys,

CREVIER & RYAN, LLP.


Katherine R. Parsons, BBO # 657280
David B. Crevier, BBO # 557242
1500 Main Street, Suite 2020
Springfield, MA 01115
(413) 787-2400
(413) 781-8235 (fax)
email:  kparsons@crevierandryan.com
          dcrevier@crevierandryan.com


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record by first class
U.S. Mail, postage prepaid this 11th day of August, 2005.