**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JDS UNIPHASE CORPORATION BENEFITS COMMITTEE of the JDS UNIPHASE CORPORATION EMPLOYEE 401(k) RETIREMENT PLAN,<br><br>              Plaintiff,<br><br>      v.<br><br>DAVID M. KORNACKI, as Administrator of the Estate of Kevin P. Kornacki; MABEL TAVARES, an individual, formerly known as MABEL D. KORNACKI; and DOES 1 through 20, inclusive,<br><br>              Defendants. | Civil Action No. 05-11499-KPN |

## ANSWER OF JDS UNIPHASE CORPORATION BENEFITS COMMITTEE OF THE JDS UNIPHASE CORPORATION EMPLOYEE 401(K) RETIREMENT PLAN AND JDS UNIPHASE CORPORATION EMPLOYEE 401(K) RETIREMENT PLAN

      Pursuant to the provisions of Federal Rule of Civil Procedure 8, Plaintiff and Counter-defendant JDS UNIPHASE CORPORATION BENEFITS COMMITTEE OF THE JDS UNIPHASE CORPORATION EMPLOYEE 401(K) RETIREMENT PLAN ("Committee") and Third-party defendant JDS UNIPHASE CORPORATION EMPLOYEE 401(K) RETIREMENT PLAN ("Plan") (collectively "JDS"), answer the counterclaims and third-party claims, respectively, of Defendant, Counterclaimant, Cross-complainant and Third-party Plaintiff David M. Kornacki ("Kornacki"), as Administrator of the Estate of Kevin P. Kornacki ("Decedent"), and file their affirmative defenses as follows. Any allegations that are not specifically admitted are denied.

## ANSWER TO PARTIES ALLEGATIONS

1. Paragraph 1 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 1. JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

2. Paragraph 2 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS is without knowledge or information sufficient to form a belief as to the truth of the averment and basing its denial on that ground, denies the allegations contained in Paragraph 2, except JDS admits Kevin Kornacki ("Decedent") was a vested participant in the JDS Uniphase Corporation Employee 401(k) Retirement Plan ("Plan").

3. JDS admits the allegations contained in Paragraph 3.

4. Paragraph 4 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 4, except JDS admits the Committee has its principle place of business in San Jose, California.

5. Paragraph 5 contains arguments and conclusions of law and not averments of fact that require an answer. For purposes of this answer, the Committee and the Plan are sometimes hereinafter collectively referred to as "JDS."

6. JDS is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 6 and basing its denial on that ground, denies the allegations contained in Paragraph 6.

## ANSWER TO JURISDICTION ALLEGATIONS

7. Paragraph 7 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 7, except JDS admits the terms of ERISA Section 502(e)(2) and (f) speak for themselves.

8. Paragraph 8 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 8, except JDS admits the terms of 28 U.S.C. Section 1331 speak for themselves.

## ANSWER TO FACTUAL ALLEGATIONS

9. JDS denies the allegations contained in Paragraph 9, except JDS admits the 401(k) beneficiary designation form, dated May 16, 1995, lists "Mabel D. Kornacki, wife" as 100 percent beneficiary of Decedent's 401(k) account.

10. JDS is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 10 and basing its denial on that ground, denies the allegations contained in Paragraph 10, except JDS admits it received a copy of a Marital Agreement, dated October 12, 2001, purportedly signed by Mabel D. Kornacki and Kevin P. Kornacki.

11. Paragraph 11 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 11, except JDS alleges the terms of the Marital Agreement speak for themselves.

12. Paragraph 12 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 12, except JDS alleges the terms of the Marital Agreement speak for themselves.

13. Paragraph 13 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 13, except JDS alleges the terms of the Marital Agreement speak for themselves.

14. Paragraph 14 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 14, except JDS admits it received a copy of a Judgment of Divorce Nisi, the terms of which speak for themselves.

15. Paragraph 15 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 15, except JDS admits it received a copy of a letter dated December 14, 2001, from Decedent's attorney, the terms of which speak for themselves.

16. Paragraph 16 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 16, except JDS admits it received a qualified domestic relations order purportedly executed by Decedent and Tavares, the terms of which speak for themselves.

17. JDS admits the allegations contained in Paragraph 17.

18. JDS admits the allegations contained in Paragraph 18.

19. JDS denies the allegations contained in Paragraph 19, except JDS admits from time to time it sent Decedent retirement account summaries regarding his 401(k) account, the terms of which speak for themselves.

20. JDS is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 20 and basing its denial on that ground, denies the allegations contained in Paragraph 20, except JDS admits it received a copy of Decedent's death certificate, which indicates the date of death as April 11, 2003.

21. JDS is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 21 and basing its denial on that ground, denies the allegations contained in Paragraph 21, except JDS admits it received a copy of a decree, dated May 22, 2003, issued by the Probate and Family Court Department of the Trial Court of the Commonwealth of Massachusetts, the terms of which speak for themselves.

22. Paragraph 22 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 22, except JDS admits it received correspondence from Kornacki dated July 22, 2003, and July 30, 2003, the terms of which speak for themselves.

23. Paragraph 23 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 23, except JDS admits on or about August 4, 2003, Andrew Pollack, Esq., sent correspondence to Kornacki regarding Decedent's retirement benefits, the terms of which speak for themselves.

24. Paragraph 24 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 24, except JDS admits on or about August 21, 2003, Timothy G. Verral, Esq., sent correspondence to Kornacki regarding Decedent's retirement benefits, the terms of which speak for themselves.

25. JDS admits the allegations contained in Paragraph 25.

26. Paragraph 26 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 26, except JDS admits it received correspondence from Theodore F. Glockner, Esq., dated August 10, 2004, the terms of which speak for themselves.

27. JDS is without knowledge or information sufficient to form a belief as to the truth of the averment contained in Paragraph 27 and basing its denial on that ground, denies the allegations contained in Paragraph 27, except JDS admits it communicated with Kornacki on several occasions regarding Decedent's 401(k) account.

28. Paragraph 28 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 28, except JDS admits it received email correspondence from Theodore F. Glockner, Esq., dated November 23, 2004, the terms of which speak for themselves.

29. JDS denies the allegations contained in Paragraph 29, except JDS admits it filed the above-entitled action in the United States District Court for the Northern District of California.

SD\1638106.2
352466-900700

## ANSWER TO COUNT 1:  CLAIM FOR BENEFITS

## AGAINST THE COMMITTEE AND THE PLAN (COLLECTIVELY "JDS")

30. JDS realleges and incorporates herein by reference each of the answers to Paragraphs 1 through 29 above as though fully set forth herein.

31. Paragraph 31 contains arguments and conclusions of law and not averments of fact that require an answer.  To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 31.

32. Paragraph 32 contains arguments and conclusions of law and not averments of fact that require an answer.  To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 32.

33. JDS admits the allegations contained in Paragraph 33.

34. Paragraph 34 contains arguments and conclusions of law and not averments of fact that require an answer.  To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 34.  JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

## ANSWER TO COUNT II:  CLAIM FOR BREACH OF FIDUCIARY DUTIES
## AGAINST THE COMMITTEE AND THE PLAIN (COLLECTIVELY "JDS")

35. JDS realleges and incorporates herein by reference each of the answers to Paragraphs 1 through 34 above as though fully set forth herein.

36. Paragraph 36 contains arguments and conclusions of law and not averments of fact that require an answer.  To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 36, except JDS admits it received a copy of

correspondence from Regina Perry-Abbott, Esq., to T. Rowe Price, dated December 14, 2001, the terms of which speak for themselves.

37. JDS denies the allegations contained in Paragraph 37, except JDS admits from time to time it sent Decedent retirement account summaries regarding his 401(k) account, the terms of which speak for themselves.

38. Paragraph 38 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 38.

39. Paragraph 39 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 39.

40. Paragraph 40 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 40. JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

### ANSWER TO COUNT III: CLAIM FOR FAILURE TO PROVIDE
### FULL AND FAIR REVIEW AS REQUIRED BY ERISA
### AGAINST THE COMMITTEE AND THE PLAN (COLLECTIVELY "JDS")

41. JDS realleges and incorporates herein by reference each of the answers to Paragraphs 1 through 40 above as though fully set forth herein.

42. Paragraph 42 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the

allegations contained in Paragraph 42, except JDS admits the terms of ERISA Section 503 speak for themselves.

43. Paragraph 43 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 43, except JDS admits the terms of Department of Labor Regulation 29 CFR Section 2560.503-1(g)(1) speak for themselves.

44. Paragraph 44 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 44, except JDS admits the terms of ERISA Section 503(2) and Department of Labor Regulation 29 CFR Section 2560.503-1(h) speak for themselves.

45. To the extent Paragraph 45 elaborates on Paragraph 44, related to ERISA Section 503(2) and Department of Labor Regulation 29 C.F.R. Section 2560.503-1(h), Paragraph 45 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 45, except JDS admits the terms of the Plan regarding reviews and appeals speak for themselves.

46. Paragraph 46 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 46. JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

## ANSWER TO COUNT IV:  CLAIM FOR BREACH OF CONTRACT AGAINST MABEL TAVARES

47. Not applicable.

48. Not applicable.

49. Not applicable.

50. Not applicable.

## ANSWER TO COUNT V:  CLAIM FOR RESTITUTION AND THE IMPOSITION OF A CONSTRUCTIVE TRUST AND AN EQUITABLE LIEN AGAINST MABEL TAVARES

51. Not applicable.

52. Not applicable.

53. Not applicable.

54. Not applicable.

## ANSWER TO COUNT VI:  CLAIM FOR ATTORNEYS' FEES PURSUANT TO ERISA § 502(g) AGAINST THE COMMITTEE AND THE PLAN (COLLECTIVELY "JDS")

55. JDS realleges and incorporates herein by reference each of the answers to Paragraphs 1 through 54 above as though fully set forth herein.

56. Paragraph 56 contains arguments and conclusions of law and not averments of fact that require an answer.  To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 56, except JDS admits the terms of ERISA Section 502(g)(1), 29 U.S.C. Section 1132(g) speak for themselves.  JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

57. Paragraph 57 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 57.

58. Paragraph 58 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 58. JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

59. Paragraph 59 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 59. JDS specifically denies that Kornacki or the Estate has been damaged in the manner or sum or sums alleged or to be alleged or in any manner or sum by any act or acts of JDS.

60. Paragraph 60 contains arguments and conclusions of law and not averments of fact that require an answer. To the extent an answer is required, however, JDS denies the allegations contained in Paragraph 60.

61. The final paragraphs of Kornacki's Counterclaim constitute a prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

62. JDS sets forth below its affirmative defenses. Each is asserted as to each cause of action against the Committee and/or the Plan. By setting forth these affirmative defenses, JDS does not assume any burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Kornacki. Moreover, nothing stated herein is

intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Kornacki's counterclaim or claims against the Committee or Plan.

### FIRST AFFIRMATIVE DEFENSE

63. Kornacki's cross-complaint, and each purported claim for relief alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

64. Kornacki's alleged injuries and damages were the result of superseding, intervening, concurrent and/or contributing causes.

### THIRD AFFIRMATIVE DEFENSE

65. Kornacki's purported claims are barred by the doctrines of estoppel, waiver, laches, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

66. By Decedent's and/or Kornacki's own actions, Decedent and/or Kornacki has knowingly, voluntarily, and willingly relinquished and abandoned any rights either may have otherwise had against JDS and has therefore waived and abandoned those rights.

### FIFTH AFFIRMATIVE DEFENSE

67. JDS and their agents acted reasonably and in good faith at all times material to this action, based upon all relevant facts and circumstances known by them at the time they so acted and, accordingly, Decedent and/or Kornacki is barred from any recovery in this action.

### SIXTH AFFIRMATIVE DEFENSE

68. Kornacki's claims are barred, in whole or in part, by the failure to act reasonably to mitigate or to minimize damages he alleges.

SD\1638106.2
352466-900700

### SEVENTH AFFIRMATIVE DEFENSE

69. Kornacki's cross-complaint, and each purported claim for relief alleged therein, fails to allege any purported damages attributable to JDS.

### EIGHTH AFFIRMATIVE DEFENSE

70. Kornacki is barred from recovery on his claims because JDS's purported performance, if any, was excused by the acts, omissions, and statements of Kornacki.

### NINTH AFFIRMATIVE DEFENSE

71. Kornacki's purported claims for extra-contractual damages are barred by the provisions of ERISA.

### TENTH AFFIRMATIVE DEFENSE

72. JDS discharged each and every obligation, if any, which they may have owed to Decedent and/or Kornacki, and otherwise JDS owed no duty to Decedent or Kornacki.

### ELEVENTH AFFIRMATIVE DEFENSE

73. JDS is informed and believes, and thereon alleges, that any and all events and happenings alleged in the cross-complaint and the purported resulting injuries and damages, if any, referred to therein, were proximately caused by the negligent, wrongful, and/or tortuous conduct of Decedent and/or Kornacki or by other or unknown parties. Therefore, any recovery received by Kornacki in this action should be barred, or in the alternative, diminished in an amount which is in direct proportion to the extent of the responsibility of all other known or unknown parties.

### TWELFTH AFFIRMATIVE DEFENSE

74. JDS denies that Decedent and/or Kornacki has suffered any damages or been injured in any way whatsoever as a result of the events alleged in the cross-complaint or in any

SD\1638106.2
352466-900700

purported counts contained therein; nevertheless, JDS provisionally alleges that Decedent and/or Kornacki failed to exercise ordinary care, caution or prudence to avoid the purported injuries and damages, if any, referred to in her complaint, and Decedent's and/or Kornacki's negligence proximately caused and contributed to some or all of the purported damages, if any, claimed by Kornacki.

### THIRTEENTH AFFIRMATIVE DEFENSE

75. JDS presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. JDS reserves the right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are appropriate. JDS also gives notice that they intend to rely on any additional affirmative defenses asserted by any other cross-defendant, to the extent applicable to them.

WHEREFORE, the JDS UNIPHASE CORPORATION BENEFITS COMMITTEE OF THE JDS UNIPHASE CORPORATION EMPLOYEE 401(K) RETIREMENT PLAN and the JDS UNIPHASE CORPORATION EMPLOYEE 401(K) RETIREMENT PLAN prays that:

1. Kornacki take nothing on his Counterclaim;

2. Judgment on the Counterclaim be entered in favor of JDS and against Kornacki;

3. JDS be awarded its reasonable attorneys' fees and other related costs and expenses; and

SD\1638106.2
352466-900700

      4.     JDS be awarded any further relief that this Court deems just and proper.

Dated: August 18, 2005

          \s\ Brooks A. Ames
          BROOKS A. AMES (BBO #641192)
          DLA PIPER RUDNICK GRAY CARY US LLP
          Attorneys for Plaintiff JDS Uniphase Corporation
          Benefits Committee of the JDS Uniphase
          Corporation Employee 401(k) Retirement Plan
          One International Place, 21st Floor
          Boston, MA 02110-2613
          Phone: 617-406-6045

          CHARLES L. DEEM (Admitted Pro Hac Vice)
          RAY HARTMAN (Admitted Pro Hac Vice)
          DLA PIPER RUDNICK GRAY CARY US LLP
          Attorneys for Plaintiff JDS Uniphase Corporation
          Benefits Committee of the JDS Uniphase
          Corporation Employee 401(k) Retirement Plan
          401 B Street, Suite 1700
          San Diego, CA 92101-4297
          Phone: 619-699-2978/2936